BARNS, Justice.
An alternative writ of mandamus was issued requiring the respondent to show cause why he should not be required to file a bond tendered by petitioner for filing pursuant to F.S. § 113.05, F.S.A. The petitioner claims to have been elected to the office of Constable of a Justice of the Peace District in Alachua County' and' that without the bond being filed the Governor will not issue petitioner a commission. The respondent has moved to quash the alternative writ on the ground that the office is extinct.
At the general election in 1952 the petitioner was a candidate for Constable of a Justice of the Peace District in Alachua County and received the highest number of votes cast for such office. At the same time there was submitted to the electors of the county a referendum on Chapter 27380, Sp.Acts of 1951, which Act is as follows:
“Section 1. All existing justice districts in Alachua county, Florida, are abolished.
“Section 2. This act shall be submitted to the people of Alachua county, Florida, for a referendum. and shall take effect only upon being approved by a majority of the votes cast in the next ensuing election.”
It appears that there were 14,422 votes cast in' the county at the time of the general election, but on the special election submitted on the same ballot only 3,004 votes were cast to abolish Justice of the Peace Districts and 2,416 ballots were cast against abolition.
The petitioner has taken his oath of office, submitted a'good and sufficient bond as prescribed by F.S. § 113.05, F.S.A., but the respondent has refused to accept and file said bond upon the ground that the -.office involved has been abolished as a result of the aforesaid referendum election.
Section 21 of Article V of the Constitution, F.S.A., authorizes the abolition of the Justice of the Peace Districts by special acts of the Legislature conditioned upon approval “by referendum at the next ensuing general election.” This results,.in a special election being held with, a general election. The language of the Act provides for it to be effective “upon being approved by a majority of the votes cast in the next ensuing election.”
The question is whether the intent of the law is to require approval of the proposition by a majority of all electors casting ballots in' both elections or only a majority of 'the electors casting votes on the proposition submitted in the special election at the time and places of the general election. Our conclusion is that the latter is the intent and that the majority vote on the special proposition submitted controls; that the intent was to require approval of the proposition by a “majority of the votes cast in the next ensuing election” on the proposition.
It appears that the proposition of abolition of the Districts of Justices of the Peace in Alachua County has received the necessary affirmative majority vote on referendum pursuant to Chapter 27380, Spe- *897 ciál Acts of 19S1; that respondent’s motion to quash ought to be sustained." It is so ordered.
ROBERTS, .C. J., and THOMAS and DREW, JJ., concur.