BARNS, Justice.
The appellee sought and procured the prerogative writ of mandamus directed to the appellant requiring him to certify appellee’s election as a Justice of the Peace. Appellant’s defense was that the office has been .abolished. The lower court held the office extant and issued the writ. A point in this appeal is whether Chapter 27592, Special Acts 1951, providing for the abolishing of Justice of the Peace Districts in Highlands Gounty, became effective upon receiving sufficient votes in the referendum at the 1952 general elections of Highlands County. The appel-lee was the only candidate for the office involved and her rights are dependent solely on the question of the continued existence of the office..
The judgment below was entered upon a motion for a peremptory writ notwithstanding the return. A motion for a peremptory writ notwithstanding the return is within the scope of 30 F.S.A. Common Law Rule 13(c), which language is the same as the first sentence of Federal Rules Civil Procedure, rule 12(c), 28 U.S *260 C.A., as follows: “After the pleadings are closed, but within such time as not -to delay the trial, any party may move for a judgment on the pleadings.”
.The mandate of Section 21, Article V of the Constitution, F.S.A., is that any statutory changes relating to Justice Districts “shall be submitted to the people of any county so effected, by referendum at the next ensuing general election”. The “at” clause, “at the next ensuing general election”, is construed to fix the time when it shall be submitted.
Chapter 27592, supra, abolishes Justice Districts in Highlands County “subject to approval by a majority vote of the electors voting in Highlands County, Florida, at the general election of 1952 * * *.”
The question is whether the intent of the law is to require approval of the proposition by a majority of all electors casting ballots in both elections or only a majority of the electors casting votes on the proposition submitted in the special election at the time and places of the general election. Our conclusion is that the latter is the intent and that the majority vote on the special proposition submitted controls ; that the intent was to require approval of the proposition by a “majority vote of the electors voting * * * at the general election * * * ” on the proposition or question. The “at”, clause of the Act “at the general election” is construed to specify the time when it shall be submitted.
In the case of State ex rel. Strickland v. Gray, Fla., 68 So.2d 895, this Court construed a similar act for a like purpose which act, Chapter 27380, Sp.Acts of 1951, containing the following language:
“Section 2. This act shall be submitted to the people of Alachua county, Florida, for a referendum and shall take effect only upon being approved by a majority of the votes cast in the next ensuing election”,
and it was held that the intent was that the act should, become effective when approved by a majority vote of those voting on the proposition. .
The judgment appealed is reversed and the cause remanded for appropriate proceedings not inconsistent' with matters hereby determined.
ROBERTS, C. J., and TERRELL, THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.